```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF GEORGIA
                        ALBANY DIVISION
```

KELVIN E. BOYD,

        Plaintiff,

VS.                                CIVIL ACTION FILE
                                     NO. 1:04-CV-125(WLS)

MICHAEL ALLEN, et al.,

        Defendants.

**RECOMMENDATION**

Plaintiff filed this § 1983 action on or about August 17, 2004, while detained at the Dougherty County Georgia Jail. Named as defendants were Michael Allen, Ken Adams, and Matt Rose, all jailers, along with Tanika Joseph,[1] a nurse (document # 2). Plaintiff's complaint was ordered served upon the defendants on March 28, 2005 (document # 5).

On July 25, 2005, the United States Marshals Service Process Receipt and Return form for defendant Michael Allen was filed with the Clerk of Court indicating that he was no longer employed at the Dougherty County Jail (document # 10). This defendant therefore remains unserved for want of a good service address. On July 27, 2005, the defendant Tanika Joseph filed her answer to the complaint (document # 12). On that same date the defendant Matt Rose filed his pre-answer motion to dismiss the complaint in which the plaintiff's failure to prosecute was alleged (document # 13). It does not appear from the record that Ken Adams has yet been served.

On August 9, 2005, the court gave plaintiff notice of the filing of defendant Rose's motion to dismiss (document # 14). That notice was returned to the Clerk of Court marked "no longer in

---

[1] Plaintiff refers to this defendant as Tomika Joseph.

jail" on August 15, 2005. On September 12, 2005, defendant Joseph filed her motion to dismiss in which she also alleged the plaintiff's failure to prosecute his complaint (document # 15). The court's notice of the filing of that motion (document # 16, filed on September 21, 2005) was also returned to the Clerk of Court as undeliverable as addressed to the plaintiff at the Dougherty County Jail.

Presently pending therefore are the motions to dismiss the complaint filed by defendants Rose and Joseph, both of which allege the plaintiff's failure to diligently prosecute his complaint as required by Federal Rule of Civil Procedure 41(b). For the reasons contained in this Report and Recommendation to the Court the undersigned is going to recommend herein that this complaint be dismissed as to all defendants. A review of the record reveals that the last activity undertaken in this file by the plaintiff was the payment of a partial filing fee on January 28, 2005, from the Dougherty County Jail.[2] The last substantive action undertaken by the plaintiff was the filing of the complaint almost fifteen months ago on August 17, 2004.

This court's order of March 28, 2005, directing service of the complaint upon the named defendants also advised the plaintiff as follows:

> **DUTY TO ADVISE OF ADDRESS CHANGE**
> During the pendency of this action, each party shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of his current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.
>
> **DUTY TO PROSECUTE ACTION**
> Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

---

[2]This action was in all likelihood taken by a staff member at the Dougherty County Jail pursuant to the dictates of the Prison Litigation Reform Act.

With regard to the defendants Allen and Adams, the court notes that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time". "Under Rule 4[(m)], dismissal is mandatory if service is not perfected within 120 days of filing the complaint unless good cause is shown." Schnabel v. Wells, 922 F.2d 726, 728 (11th Cir. 1991). Although Rule 4(m) requires notice to the plaintiff if the court is going to dismiss a complaint own its own for want of service within 120 days, notice can not be given to the plaintiff in this case as he has not seen fit to provide the court with a current address. Any attempt at notice to the plaintiff at the Dougherty County Jail will be returned to the court as the defendant is no longer in the Dougherty County Jail. Further, plaintiff was advised that his failure to provide the court with his current address could lead to a dismissal of his pleadings. For these reasons, it is the **RECOMMENDATION** of the undersigned that plaintiff's complaint as to the defendants Allen and Adams be **DISMISSED** with out prejudice**.** Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

Regarding the motions of defendants Rose and Joseph seeking dismissal of the complaint for the plaintiff's failure to diligently prosecute same, under Rule 41(b) of the Federal Rules of Civil Procedure a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Litigants proceeding *pro se* are not exempted from this requirement of diligent prosecution. Moon v. Newsome, 863 F.2d 835 (11th Cir. 1989). The

3

court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R., 370 U.S. 626, 630 (1962).

A review of this action reveals a clear record of delay or willful contempt on the part of the petitioner. The petitioner has taken no meaningful steps to prosecute his case since filing his complaint with the court on or about August 17, 2004. The petitioner has had more than adequate time to pursue his claim against these defendants but he has failed to do so. Based on the above findings, the court finds that lesser sanctions will not suffice herein, especially in view of the fact that the court is unable to communicate with plaintiff for want of a current mailing address. Accordingly, it is the **RECOMMENDATION** of the undersigned that the motions to dismiss for failure to diligently prosecute this matter filed by defendants Rose and Joseph be **GRANTED** and that this case be **DISMISSED.** Pursuant to 28 U.S.C. § 636(b)(1) the parties may file written objections to this recommendation with the Honorable W. Louis Sands, Chief United States District Judge, WITHIN TEN (10) DAYS of being served with a copy of this recommendation.

SO RECOMMENDED, this 7th day of November 2005.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE